IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 06-00315-01-CR-W-GAF |
| ROBERTO V. SOTO, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION
### TO ACCEPT DEFENDANT'S GUILTY PLEA

On July 12, 2007, I held a change-of-plea hearing after this case was referred to me by United States District Judge Gary A. Fenner. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On April 4, 2007, a superseding indictment was returned, charging Defendant with, *inter alia*, one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A). A change-of-plea hearing was held on July 12, 2007. Defendant was present, represented by appointed counsel Ronald Partee. The government was represented by Assistant United States Attorney Charles Ambrose. The proceedings were recorded and a transcript of the hearing was filed on July 13, 2007.

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a

"magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

2

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On April 4, 2007, a superseding indictment was returned, charging Defendant with, *inter alia*, one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A). The court read the charges against Defendant and Defendant indicated that he understood the nature of the charges (Tr. at 4).

3. The statutory penalty for possession with the intent to distribute methamphetamine is not less than ten years but not more than life years imprisonment, a fine of not more than $4,000,000, a supervised release term of not less than five years, and a $100 mandatory special assessment fee (Tr. at 6). The statutory penalty for possession of firearms in furtherance of drug trafficking crimes is not less than five years imprisonment (consecutive), a fine of not more than $250,000, a supervised release term of not more than three years, and a $100 mandatory special

assessment fee (Tr. at 6-7). Defendant was informed of the penalty ranges and indicated that he understood (Tr. at 6-7).

  4. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 7);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 7-8);

    c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 8-9);

    d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 9);

    e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 9);

    f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 10); and

    g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 10-11).

  5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 11).

  6. Defendant was informed that during the change-of-plea proceeding, he would be

placed under oath and questioned by counsel and the judge (Tr. at 12). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 12). Defendant stated that he understood (Tr. at 12).

7. There has been open file discovery in this case (Tr. at 12-13, 16). If this case were to be tried, the government's evidence would be that on September 1, 2006, police executed a search warrant at Defendant's residence, during which time they discovered 59 grams of actual methamphetamine (Tr. at 16). They also discovered cocaine, marijuana, an electronic scale, two firearms, and a large quantity of cash (Tr. at 16). The drugs were found in the garage and through other parts of the house, including the kitchen (Tr. at 16). One of the firearms was found in the living room and the other was in a kitchen drawer (Tr. at 16).

8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 13).

9. Defendant was placed under oath (Tr. at 13). With regard to count one, Defendant admitted that on or about September 1, 2006, he possessed more than fifty grams of methamphetamine (Tr. at 13-14). Defendant knew he possessed the methamphetamine and, in fact, planned to distribute the methamphetamine although he knew doing so was illegal (Tr. at 14). With regard to count four, Defendant admitted that on or about September 1, 2006, at the time he possessed with the intent to distribute methamphetamine as charged in count one, Defendant possessed a Taurus .357 caliber revolver and a Rexio Model RJ Series .38 caliber revolver (Tr. at 14-15). Defendant knew he possessed the these guns and did so to protect himself with regard to the methamphetamine (Tr. at 15). Defendant understood the concepts of actual and constructive possession (Tr. at 17-18).

5

Case 4:06-cr-00315-DW   Document 67   Filed 07/16/07   Page 5 of 7

10. Defendant stated that he had reviewed the plea agreement with his attorney and understood the terms of the agreement (Tr. at 19). I then reviewed the terms of the plea agreement with Defendant (Tr. at 19-21). Pursuant to the plea agreement, Defendant pled guilty to Counts One and Four of the Superseding Indictment and the government agreed to dismiss Counts Two, Three and Five at the time of sentencing (Tr. at 19).

11. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 22).

12. Defendant is satisfied with the representation he has received from Mr. Partee (Tr. at 22). There is nothing he has done that Defendant did not want him to do, and there is nothing he wanted him to do that he has not done (Tr. at 22).

13. Defendant has a tenth grade education (Tr. at 22-23). He had no difficulty reading any materials or understanding the change-of plea proceeding (Tr. at 23). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to these charges (Tr. at 23). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 23).

14. Defendant tendered a plea of guilty to the Counts One and Four of the Superseding Indictment (Tr. at 24).

## V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for possession with the intent to distribute methamphetamine include: (1) the defendant possessed methamphetamine; (2) the defendant knew he possessed methamphetamine; and (3) the defendant intended to distribute some or all of the methamphetamine. United States v. Gray, 126 F.3d 1109, 1110 (8th Cir. 1997)(citing United States

v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 2005)(cocaine)). The elements necessary to sustain a conviction for possession of firearms in furtherance of drug trafficking crimes are: (1) the defendant carried, possessed, or used a firearm; and (2) the commission of the underlying offense that carrying, possessing, or using the firearm is furthering. United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999); United States v. Cuervo, 354 F.3d 969, 991 (8th Cir. 2004)(reversed on other grounds).

## *V. CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of Counts One and Four of the Superseding Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the Counts One and Four of the Superseding Indictment.

          /s/ Robert E. Larsen
          ROBERT E. LARSEN
          United States Magistrate Judge

Kansas City, Missouri
July 13, 2007